**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lester SMITH, also known as Lester Smith, III, also known as Lester Smith, Jr., Defendant–Appellant.**

No. 03–31054.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 16, 2004.

Glen R. Petersen, Assistant U.S. Attorney, Baton Rouge, LA, for Plaintiff–Appellee.

Dele Akintade Adebamiji, Baton Rouge, LA, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

** 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Lester Smith appeals the sentence of 180 months of imprisonment imposed by the district court following his guilty plea conviction for being a felon in possession of a firearm. Smith first argues that his sentence violates the Eighth Amendment. Measured against the benchmark of *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), Smith's 180–month sentence is not grossly disproportionate and thus does not violate the Eighth Amendment. *See United States v. Gonzales*, 121 F.3d 928, 943–44 (5th Cir.1997). Smith's sentence is AFFIRMED.

Smith also contends that he was entitled to application of the "lesser harm" policy. We understand this to be an argument that Smith was entitled to a downward departure under U.S.S.G. § 5K2.11. Because the record does not indicate that the district court erroneously believed that it lacked the authority to downwardly depart under this guideline, we lack jurisdiction to consider this argument. *See United States v. Landerman*, 167 F.3d 895, 899 (5th Cir.1999). Accordingly, Smith's appeal of this issue is DISMISSED.

AFFIRMED IN PART; DISMISSED IN PART.